IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NARICA HAMILTON                          :

                                     :

    v.                               :   Civil Action No. DKC 17-2300

                                     :

PRINCE GEORGE'S COUNTY,                  :
MARYLAND                                 :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is defendant Prince George's County, Maryland's ("Prince George's County") motion for reconsideration. (ECF No. 60). For the following reasons, the motion will be denied.

**I.   Background**

The bulk of the factual and procedural background in this case is detailed in the court's opinion of September 30, 2019, (ECF No. 58), and will not be repeated here. In that opinion, this court granted summary judgment for Defendant on all but one of Plaintiff Narica Hamilton's eight-claim complaint. The court, however, denied summary judgment on the portion of Plaintiff's retaliation claim which arose from Captain Adam Parker's ("Cpt. Parker") comments to Plaintiff. On October 10, 2019, Defendant filed a Motion for Reconsideration. (ECF No. 60). Plaintiff responded, (ECF No. 63), and Defendant replied, (ECF No. 64).

## II.  Standard of Review

Under Fed.R.Civ.P. 54(b), a court may revise a non-final order at any time before entry of a final judgment.  Although the restrictive standards for review under Rules 59 and 60 are not binding under Rule 54, courts often look to those standards for guidance.  *Vetter v. American Airlines, Inc. Pilot Long-Term Disability Plan*, 2019 WL 398679 *2 (D.Md. January 31, 2019).  As Judge Grimm concluded:

> In keeping with these standards, this Court has held that "[a] motion for reconsideration is appropriate to 'correct manifest errors of law or fact or to present newly discovered evidence,' or where there has been an intervening change in controlling law." *Potter* [*v. Potter*], 199 F.R.D. [550 (D.Md. 2001)] at 552 n.1. (citations omitted).  It "is not a license for a losing party's attorney to get a second bite at the apple." *Id.* at 552-53 (quoting *Shields v. Shetler*, 120 F.R.D. 123, 126 (D.Co. 1988).  These "rules of constraint . . . make sense when a district court is asked to reconsider its own order" because "'[w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience.'" *Pinney v. Nokia, Inc.*, 402 F.3d 430, 452-53 (4th Cir. 2005)(quoting *Potter*, 199 F.R.D. at 553).

## III. Analysis

Plaintiff's motion merely reiterates arguments previously made and rejected.  Defendant argues 1) that there was no adverse action taken against Cpl. Hamilton, 2) that there was no causal connection between Cpl. Hamilton's protected action and

Cpt. Parker's threat, and 3) that "[t]he Court failed to address the County's legitimate non-retaliatory reason for the comment and whether Plaintiff proved pretext." (ECF No. 60-1).

The first of these arguments turns on a semantic quibble: because, Defendant argues, Cpt. Parker left his threat sufficiently vague, it did not constitute a "threat" within the dictionary definition of that term. (ECF No. 60-1, at 6). Therefore, Defendant argues, Cpt. Parker's comment was distinguishable from the case the court relied on for the proposition that "[a]t least one court has found threats of retaliation sufficient to constitute an 'adverse employment action' in the retaliation context." (ECF No. 58, at 17). Regardless of whether Cpt. Parker's comments meet the dictionary definition of a threat, regardless of whether they "promised retaliation" or merely implied that it was possible, (ECF No. 60-1, at 7), the court found that these comments met the standard for retaliation. That standard is as follows: an adverse action may constitute retaliation if "a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Munive v. Fairfax County School Board*, 700 Fed.Appx.288 (Mem), 289 (4th Cir. 2017) (citing *Burlington Northern*, 548 U.S. at 68). In this case, Cpt. Parker's comments

met that standard, and nothing Defendant raises in the motion for reconsideration changes that fact.

Second, Defendant argues that Plaintiff did not establish a causal connection because "Plaintiff cannot prove that Captain Parker was aware of her grievance." (ECF No. 60-1, at 10). What Cpt. Parker knew and when, however, turns on genuine disputes of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court detailed these disputes in its previous opinion and will not revisit them here.

Finally, Defendant argues that the court ignored Defendant's "legitimate, non-retaliatory reason for the comment." (ECF No. 60-1, at 10). Again, the *reason* for Cpt. Parker's comment is plainly a dispute of material fact and it would thus be improper for the court to decide on summary judgment.

## IV.  Conclusion

For the foregoing reasons, Defendant's motion for reconsideration will be denied.  A separate order will follow.


                                        /s/
                            _____
                            DEBORAH K. CHASANOW
                            United States District Judge